GREER v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

1. **Negligence**: STATEMENT. *Jackson v. St. Louis, Iron Mountain & Southern R'y Co., ante,* p. 147, re-affirmed.
2. **Instructions.** An instruction which is wholly unintelligible, is properly refused.

*Appeal from Butler Circuit Court.*—HON. R. P. OWEN, Judge.

AFFIRMED.

*Smith & Krauthoff* with *T. J. Portis* for appellant.

Plaintiff's statement does not state a cause of action. *Bates v. Railroad Co.,* 74 Mo. 60, and cases cited; *Asher v. Railroad Co.,* 79 Mo. 432. The instruction given on behalf of plaintiff was erroneous. *Mumpower v. Railroad Co.,* 59 Mo. 245. Defendant's demurrer to the evidence should have been sustained. *Davis v. Railroad Co.,* 65 Mo. 441.

*Edwin Silver* and *I. M. Davidson* for respondent.

The statement is sufficient. *Jackson v. Railroad Co.,* *ante,* p. 147. The instructions asked by appellant were rightly refused. The second is unintelligible.

HENRY, J.—On the authority of the recent case of *Jackson v. St. Louis, Iron Mountain & Southern R'y Co., ante,* p. 147, the petition in this cause must be held good after verdict. The petition is as follows:

"Plaintiff states defendant is a corporation under the laws of the State of Missouri. That on the 17th day of May, 1879, in Neely township, in Butler county, and State aforesaid, and where its said railroad was not fenced, and where there was no crossing on said railroad, the defendant, by its agents and servants, while running its locomotive and train of cars on its said railroad, did then and there run over one fine horse, the property of plaintiff, and of the value of $70, and thereby killed him; that defendant had failed and neglected to erect or maintain good or sufficient fences on the sides of its said railroad where said horse got on the track and was killed; that by reason of the killing of said horse as aforesaid, and by virtue of the 809th section of the Revised Statutes of the State of Missouri, judg-- ment is prayed for $140, being double the value of said horse killed as aforesaid, with costs."

From a judgment in plaintiff's favor, defendant has appealed.

Upon a trial on appeal to the circuit court, the plaintiff, to maintain the issues on his behalf, introduced the following testimony: James A. Greer, testified: "I am the plaintiff in the cause; the mare was killed on the 17th day of May, 1879; I valued her at $65; she was mine." The defendant admitted that the mare was killed on the 17th day of May, 1880; was killed by train on defendant's railroad, as charged in plaintiff's statement.

The defendant introduced, to maintain the issues in his

behalf, the following testimony: W. F. Neal, testified: " I sold Mr. Greer a horse and was to have the voucher when it come, or was to have the pay when it come; I claim to be the owner of the voucher when it comes; I consider that the voucher is mine when it comes; I paid for it and it belongs to me; Greer guaranteed payment at the time." Cross-examined: "If the claim is not paid by the railroad company, I hold Mr. Greer for it; he gave me an order for the voucher, and I sent it up to the railroad company."

James A. Greer, re-called by plaintiff, says: " I still consider that I owe Mr. Neal the $65, if I don't collect." This was all the testimony introduced by either side.

Defendant then asked the court to give the following declaration of law, to-wit:

1. The court, sitting as a jury, declares the law to be, that under the testimony in this case, the plaintiff is not entitled to recover of the defendant.

2. The court, sitting as a jury, declares the law to be, that from the evidence in the case, the payment of Neal to Greer of the mare of Greer's, discharged the liability of the defendant to Greer.

Holding after verdict that the statement sufficiently alleges that the horse got on defendant's road at a point where the latter was by law required to fence, there was evidence to establish that fact. Defendant admitted that the horse was killed on the 17th day of May, 1880, by a train of defendant's cars, as alleged in the statement.

The court did not err in refusing the instruction asked by defendant. It is wholly unintelligible. Neal testified that he sold plaintiff a horse, and " was to have the voucher when it came, or was to have the pay when it came; that he was the owner of the voucher when it came. That Greer gave him an order for the voucher on the railroad company." What voucher, or on what account to be given, does not appear. Whether Neal or plaintiff ever received any voucher, is not shown. That plaintiff gave Neal an

order on the company for the amount of damages he claimed of the company for killing the horse, may be conjectured, but how that bars plaintiff's right to recover, in the absence of evidence that the company paid the money to Neal, is not perceived.

The judgment is affirmed. All concur.